(118 App. Div. 362)

MEMPHIS TROTTING ASS'N v. SMATHER.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

DISCOVERY—INSPECTION OF WRITINGS—EFFECT OF DENIAL OF FORMER MOTION.
   Defendant's motion for inspection of an affidavit was improperly denied on the ground that the question was res adjudicata, where an affidavit, whereof a copy had been theretofore furnished defendant on motion, was not the one demanded on the pending motion.

Appeal from Special Term.

Action by the Memphis Trotting Association against Elmer E. Smather. From an order denying motion for inspection, defendant appeals. Reversed.

For former reports, see 114 App. Div. 376, 99 N. Y. Supp. 1057.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

John J. Adams, for appellant.
John E. Cloonan, for respondent.

PER CURIAM. The motion for an inspection was denied by the learned court at Special Term upon the ground that the matter was res adjudicata. Memphis Trotting Ass'n v. Smathers, 114 App. Div. 376, 99 N. Y. Supp. 1057.

When a motion for inspection was before this court upon the former appeal, it appeared conclusively upon the record that the affidavit of which an inspection was desired had been destroyed, and for that reason we affirmed the order denying the motion, but with leave to move for the inspection of a copy thereof. Thereafter a copy of said affidavit, purporting to have been made at Chicago, Ill., was furnished to the defendant and appears in the record. It is quite evident that there were two affidavits or depositions made by one Sanders in the possession of the attorneys for the plaintiff; the one verified in Chicago and now appearing in the record, and the other designated a deposition verified in St. Louis and bearing the signature of the deponent in writing. The copy of the affidavit furnished to the defendant did not contain the alleged details of the drugging of the mare, Lou Dillon, as read by one reporter from an affidavit in the possession of the plaintiff's attorneys and as is alleged by another reporter, as read to him over the telephone from the plaintiff's attorney's office.

This motion was made, not to obtain an inspection of the Chicago affidavit, the destruction of which had been established and a copy of which was in the possession of the defendant's attorney, but of the other, or St. Louis, deposition, containing the details of the alleged drugging, and therefore it is evident that the denial of the motion upon the ground that the question was res adjudicata cannot be sustained.

The order appealed from should be reversed, with $10 costs and disbursements, and the application for an order for the inspection of the deposition, or a copy thereof if destroyed, should be granted, with $10 costs.